ALD-144                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1687
_____

IN RE: JOSEPH W. HIGGINS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 3:10-cv-05969)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 24, 2011

Before:  SCIRICA, HARDIMAN, and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 7, 2011)
_____

OPINION
_____

PER CURIAM

Joseph Higgins, proceeding pro se, petitions this Court for a writ of mandamus

directing the District Court to rule on the merits of an amended complaint that it recently

dismissed with prejudice.  For the reasons that follow, we will deny the petition.

I.

In July 2010, Higgins filed a complaint in the United States District Court for the

District of New Jersey against District Judge Stanley R. Chesler and Magistrate Judge

Michael A. Shipp. Chief Judge Theodore A. McKee of this Court designated Judge Juan R. Sanchez of the United States District Court for the Eastern District of Pennsylvania to preside over Higgins's civil action.[1]

About a month after filing his complaint, Higgins filed an amended complaint and subsequently moved for injunctive relief. His amended complaint alleged that Judge Chesler and Magistrate Judge Shipp had conspired to dismiss a previous civil action he had filed in order to retaliate against him for having moved to recuse Magistrate Judge Shipp in a third civil action. On February 22, 2011, the District Court, acting sua sponte, dismissed the amended complaint with prejudice for failure to state a claim and denied Higgins's motion for injunctive relief as moot. In doing so, the court explained that "[b]ecause the dismissal of [Higgins's earlier case] was a judicial action, and because no facts are alleged suggesting the defendants acted in the complete absence of all jurisdiction, Judge Chesler and Magistrate Judge Shipp are immune from suit." (Dist. Ct. Order of Feb. 22, 2011, at n.1.) Higgins subsequently filed a timely motion for reconsideration, which the court denied on March 9, 2011.

On March 16, 2011, Higgins filed the instant petition, seeking a writ of mandamus compelling the District Court to serve summonses on Judge Chesler and Magistrate Judge Shipp, and to adjudicate his claim against them "on the merits."

---

[1]The references in this opinion to actions taken by the District Court refer to actions taken by Judge Sanchez.

2

II.

A writ of mandamus is a drastic remedy available only in extraordinary situations. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain a writ of mandamus, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted). Mandamus is not a substitute for an appeal, and "a writ of mandamus may not issue if a petitioner can obtain relief by appeal." Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

In this case, the District Court entered a final appealable order and closed Higgins's civil action. Because Higgins has an adequate means of challenging the court's judgment — by filing an appeal — mandamus relief is not warranted here.[2] Accordingly, we will deny the petition. To the extent Higgins seeks attorney's fees, costs, and other expenses, that request is denied.

---

[2]We note, without deciding, that an appeal from the District Court's judgment would almost certainly fail, for it does not appear that the court erred in its application of the doctrine of judicial immunity, see Stump v. Sparkman, 435 U.S. 349, 355-56 (1978), or abused its discretion in denying Higgins's motion for reconsideration.